IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHERWOOD DWAYNE BROWN                                          PETITIONER

vs.                                           CIVIL ACTION NO.: 3:01CV197-D

CHRISTOPHER EPPS, ET AL.                                      RESPONDENTS

**ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is Petitioner's Motion for Summary Judgment ("Motion"), which alleges that Petitioner's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when he was he was presented to the jury venire, and later, to the jury at trial, in leg shackles absent a meaningful inquiry into whether a special need existed for the restraints. Respondents have filed a response, and the Court finds this matter ripe for consideration.[1]

**Introduction**

Following a jury trial in the Circuit Court of DeSoto County, Mississippi, Petitioner was sentenced to death on April 7, 1995, on a count of capital murder. Petitioner's direct appeal was denied by the Mississippi Supreme Court on December 12, 1996. *Brown v. State*, 690 So.2d 276 (Miss. 1996), *cert. denied*, 522 U.S. 849, 118 S.Ct. 136, 139 L.Ed.2d 85 (1997). Petitioner then filed an application for post-conviction relief, which was denied on August 9, 2001. *Brown v. State*, 798 So.2d 481 (Miss. 2001). Petitioner filed a Petition for Writ of Habeas Corpus with

---

[1] This Order addresses Petitioner's Motion for Summary Judgment only. Petitioner's Petition for Writ of Habeas Corpus shall proceed to disposition.

this Court on November 29, 2001, and Petitioner now seeks summary judgment on a sole issue. Petitioner asserts that the decision of the Mississippi Supreme Court - that there was no error by the trial court in allowing Petitioner to be shackled in leg restraints - is contrary to the holding of the United States Supreme Court in *Deck v. Missouri*, which holds that routine shackling during the penalty phase of a capital trial, without case-specific findings that security needs require the shackling, violates a defendant's due process rights unless the State can demonstrate beyond a reasonable doubt that the shackling did not contribute to the verdict. *Deck v. Missouri*, 544 U.S. 622, 633, 125 S.Ct. 2007, 2014-15, 161 L.Ed.2d 953 (2005).

## The Facts

Defense counsel made a pretrial motion to preclude Petitioner from being brought into court in shackles and to limit the uniformed officers in the courtroom. (Motion, Ex. A). The trial judge, noting that a criminal defendant should not be shackled in court absent a specific need, asked the parties whether security reasons existed for shackling Petitioner and was affirmatively answered by the prosecutor. The trial judge reserved ruling on the motion and determined that extra security officers, if needed, should be in civilian clothes. (Trial Tr. vol.3 at 12-14). In chambers prior to jury selection, the trial judge stated into the record that Petitioner had on leg and hand shackles and inquired as to what precautionary measures were needed for security purposes. (Trial Tr. vol. 4 at 185). Chief Ronald Clayton was sworn and gave testimony that Petitioner should be restrained. (Trial Tr. vol. 4 at 186). The specific reasons given by Chief Clayton for restraining Petitioner included Petitioner's large size, his disruptive behavior at the jailhouse, and his almost daily visits to the doctor despite the absence of any medical reason for the complaints, which Chief Clayton and his officers felt might be related to a plan to effectuate an escape. (Trial

Tr. vol. 4 at 187). Chief Clayton also testified that Petitioner had been led into court moments earlier, in front of the jury venire, in waist and leg shackles. (Trial Tr. vol. 4 at 188). The trial judge determined, based on Chief Clayton's testimony, that the ankle chains would remain, but that Petitioner's hands were to be freed to help with his defense. (Trial Tr. vol. 4 at 188-89). Defense counsel moved for a mistrial based on the fact that the jury saw Petitioner in waist shackles, thereby prejudicing Petitioner's right to a fair trial. The trial court determined the event occurred prior to any instruction being requested or given, found the incident did not prejudice Petitioner to the point that a jury could not be selected, and overruled the motion. (Trial Tr. vol. 4 at 189-90).

### The Mississippi Supreme Court

On direct appeal, the Mississippi Supreme Court was presented with the claim that it was error for Petitioner to be tried while wearing leg irons. *Brown*, 690 So.2d at 287. The court stated that "the record does not indicate that he was visibly restrained during the actual trial or that jurors or prospective jurors observed the waist restraints at the Lafayette County Courthouse." *Id.* Relying upon prior Mississippi precedent, the court determined the right to a fair trial was generally not found to be abridged by the fact that the jury might have seen a defendant in restraints. *Id.* On post-conviction review, Petitioner sought to raise the issue of shackling, arguing that the court had never considered "his appearance during the trial itself." *Brown*, 798 So.2d at 501. The court, noting its decision on direct appeal, found that "[t]he issue of whether Brown appeared before the jury in shackles, whether before or during trial, is essentially the same. Despite Brown's rephrasing, the issue is now procedurally barred by res judicata. Miss. Code Ann. § 99-39-21(2)." *Brown*, 798 So.2d at 501.

**The Argument**

Petitioner asserts the fact that he was shackled without an adequate judicial inquiry demonstrates inherent prejudice which requires the State to prove beyond a reasonable doubt that the shackling did not contribute to Petitioner's death sentence. *See Deck*, 544 U.S. at 635, 125 S.Ct. at 2015. Petitioner asserts that the trial court improperly abdicated its responsibility and showed blind deference to the opinion of law enforcement officials that Petitioner was potentially dangerous and a security risk. Petitioner argues that if the determination by the trial judge constitutes a "special need," then the exception swallows the rule. Petitioner argues that this issue is one of pure law, and that the Mississippi Supreme Court's decision that Petitioner was not denied a fair trial was unreasonable in light of the Supreme Court's decisions on the use of restraints.

Respondents rely upon a procedural argument in response to Petitioner's claim. Respondents argue that the claim raised on direct appeal cited only state law, and that the federal claim has not been fairly presented and is unexhausted under 28 U.S.C. § 2254(b)(1)(A). Respondents assert that a federal basis for the claim was attempted when post-conviction pleadings were filed, where the Mississippi Supreme Court held it procedurally barred under Miss. Code Ann. § 99-39-21(2) and the doctrine of res judicata. Respondents argue that due to "technical exhaustion" and the imposition of a procedural bar against the claim that was raised on post-conviction, Petitioner must demonstrate cause and prejudice or actual innocence in order to have the Court review Petitioner's claim. Respondents also argue *Deck* is not retroactive; therefore, it can form no means of escaping the application of the bar for failure to exhaust.

Petitioner points the Court to a portion of the record where Petitioner was asked by

defense counsel to approach the jury in support of his contention that the jury actually saw him in restraints. (*See* Motion, Ex. A, referencing Trial Tr. vol. 10 at 1071-72). Petitioner alleges he had to approach the jury in order to allow a defense expert to demonstrate that a mark on Petitioner's arm was a cut Petitioner received at work and not a defensive bite mark. Petitioner submitted an affidavit that the jury heard the "terrible clanking noise" created by the restraints when he got up and approached the jury. (Motion, Ex. C, Affidavit of Sherwood Dwayne Brown). Susan Brewer, one of Petitioner's defense attorneys, submitted an affidavit that the jury saw Petitioner in leg shackles, which he wore throughout the trial. (Motion, Ex. B, Affidavit of Susan Brewer).

**Applicable Standards and Analysis**

While noting the arguments of both parties on the issues of exhaustion, procedural default, and retroactivity, and without here offering an opinion on those issues as to the disposition of this claim in the Petition for Writ of Habeas Corpus, this Court determines that the instant Motion should be decided on its merits. Generally, summary judgment is appropriate when there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). However, the Federal Rules of Civil Procedure are applicable in habeas corpus only to the extent that they are consistent with habeas practice and rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds*, *Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see also* Rule 11 of the Rules Governing Section 2254 Cases. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the law applicable to this case, the determination of the State court on a legal or mixed question of law is not to be disturbed unless the resolution of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

5

Supreme Court of the United States." See *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254(d)(1). To the extent a legal or mixed question relies upon factual determinations made by the State court, those determinations are presumed to be correct and must be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254 (d)(2) & (e)(1).

Petitioner's argument that the State must prove beyond a reasonable doubt that Petitioner's shackling did not lead to his conviction and death sentence is only applicable if Petitioner first demonstrates his constitutional rights were violated by the shackling. As stated earlier, shackling of a routine nature, during the penalty phase of a capital trial, without case-specific findings that security needs require the shackling, violates a defendant's due process rights unless the State can demonstrate beyond a reasonable doubt that the shackling did not contribute to the verdict. *Deck*, 544 U.S. at 633, 125 S.Ct. at 2014-15. Here, the trial judge made an inquiry into the specific security concerns posed by Petitioner - an inquiry that included not only the need for restraints, but also the extent such restraints should be used. Risks of escape and a history of disorderly conduct are valid considerations in determining whether shackling is appropriate. *See United States v. Joseph*, 333 F.3d 587, 591 (5th Cir. 2003); *United States v. Theriault*, 531 F.2d 281, 284-85 (5th Cir. 1976). Moreover, though Petitioner submits affidavits from himself and defense counsel that the leg shackles remained on throughout trial and the jury was aware of the restraints, it is not known whether the restraints were readily visible. Petitioner asserts the jury was aware of the leg restraints when he approached the jury to rebut the State's bite mark evidence, but the record reflects no special request or instruction was made by Petitioner or his counsel regarding the jury's exposure to his restraints during the demonstration by the defense. However, the record does reflect the trial court's attempts to minimize the possibility of prejudice, as evidenced by the

6

trial judge's comments regarding the removal of Petitioner's waist and hand shackles, as well as the instruction that additional security officers were to be in civilian clothing.

In light of the case-specific inquiry into the need for shackling, as well as the trial court's efforts to minimize prejudice once it was determined Petitioner posed a security risk, Petitioner cannot demonstrate that the determination that he was not denied a fair trial by the use of shackles was contrary to, or an unreasonable application of, Supreme Court precedent on this issue. Therefore, Petitioner's Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this the 11th day of December, 2006.

/s/ Glen H. Davidson
**CHIEF JUDGE**